UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────X

AI VAN TRAN, as administrator of the Estate of
AN VAN TRAN, deceased,

                      Plaintiff,

   -against-

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

                      Defendant.
───────────────────────────────────X

**PROTECTIVE ORDER
CONCERNING
PHOTOGRAPHS AND
LOCOMOTIVE VIDEO**

21 Civ. 8050 (CS)

**WHEREAS**, Defendant NATIONAL RAILROAD PASSENGER CORPORATION ("Defendant Amtrak") intends to produce, in response to party demands, certain documents and information that it deems to be confidential, security sensitive or otherwise inappropriate for public disclosure; and

**WHEREAS**, Defendant Amtrak will only produce these documents and information if appropriate protection for their confidentiality is assured.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by attorneys for Defendant NATIONAL RAILROAD PASSENGER CORPORATION ("Defendant Amtrak") and the Parties to this action, as follows:

    1. The Amtrak locomotive video of the subject incident and photographs of the location and its surroundings thereafter, including the substance and content thereof, is considered "Confidential Information" that is subject to the terms of this Protective Order.

    2. The term "Confidential Information" specifically includes any and all CD's, DVD's, paper and electronic copies, transcripts, prints, screenshots or screencaps, stills, negatives, recordings, duplicates and summaries of the Confidential Information.

    3. The Confidential Information is sensitive and proprietary property of Amtrak and may be used solely for the purpose of this litigation subject to the terms of this order. The transmission or production of the Confidential Information by Amtrak does not create any interest or right, intellectual

or otherwise, in the Confidential Information, and shall not result in any waiver by Amtrak of its property rights, intellectual or otherwise, or the developer, manufacturer, and/or distributor of the software.

4. The Confidential Information shall not be disclosed, produced, or disseminated to anyone who is not involved in this case by any recipient and/or its legal counsel (collectively the "Recipient").

5. The Court further orders that the Recipient shall not allow the Confidential Information, including the substance and content thereof, to be copied or disseminated, whether in part or in whole, to any outside electronic media including the Internet.

6. Prior to producing any Confidential Information, or any part thereof, to any party to this lawsuit, Amtrak shall stamp any document or thing containing Confidential Information with the word "Confidential" or other similar language. Amtrak shall provide a copy of the Amtrak locomotive video of the subject incident and the photographs of the location and its surroundings thereafter, along with all other Confidential Information subject to disclosure pursuant to discovery requests. Amtrak shall not be deemed to have waived any right to designate materials as confidential by allowing inspection of such material prior to a designation of such material as confidential or by inadvertently failing to mark a document as confidential prior to disclosure of the same.

7. The Court further orders that the Recipient shall ensure that if the Confidential Information is shared with any consultant, witness, expert witness, or employee, these individuals shall be advised of this Protective Order and shall be bound by the same, and further that they shall not allow the Confidential Information to be copied or disseminated, whether in part or in whole, to any outside electronic media including the Internet. The Recipient may not share the Confidential Information with any consultant, witness, expert witness, or employee without first obtaining a written, signed acknowledgement from such person that he/she has reviewed and understands this Protective Order; that he/she agrees to be bound by all of its terms, that he/she agrees to be subject to the jurisdiction of this Court with respect to any claimed violations of this Protective Order; that he/she will not reveal the Confidential Information, or any part thereof, to any other person or entity; and that he/she will not discuss the Confidential Information, or any part thereof, with anyone other than the counsel of record who retained him/her. Such written representation shall be in the form attached to this order as Exhibit A.

8. Within sixty (60) days after the termination of this Action by entry of a final judgment or order of dismissal, each Party shall either (a) return to Defendant Amtrak the Confidential Information and all copies thereof, or (b) destroy such documents upon consent of Defendant Amtrak and certify in writing within thirty (30) days after destruction that the documents have been destroyed.

9. Any copy of the Confidential Information that is shared with any consultant, witness, expert witness, or employee shall be returned to counsel for Defendant Amtrak at the

2

completion of the individual's consultation or representation in this case. Such person shall, upon the request of counsel for Defendant Amtrak or the Court, execute an affidavit stating that all such documents and copies of such documents have been returned as required.

10. No party shall file any Confidential Information, or any part thereof, with this Court, as an exhibit to any pleading or otherwise, without seeking leave to file such Confidential Information under seal in accordance with this Court's rules.

11. No person who receives any Confidential Information shall sell, offer, advertise, publicize or provide, under any circumstances or conditions, the Confidential Information, or any part thereof, to any person or entity other than in accordance with the provisions of the Protective Order.

12. The termination of this action shall not relieve any person to whom the Confidential Information has been disclosed from the obligations of this Protective Order. However, any party may seek an order from the Court modifying or lifting this Protective Order.

13. To the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, are created, same shall be treated as confidential and all provisions of this Protective Order shall apply equally to such materials so created, in the same manner and to the same extent as the Confidential Information.

14. This Protective Order shall be binding upon the Parties immediately upon signature and shall be submitted to the Court for entry as an Order.

15. This Protective Order may be signed in counterparts, all of which shall be considered an original and together shall constitute one and the same instrument. A facsimile signature shall have the same effect as an original ink signature.

16. If any provision of this Protective Order is deemed void by law or unenforceable, the remaining provisions shall continue in full force and effect.

**The foregoing Protective Order has been reviewed and consented to by the following counsel of record.**

LANDMAN CORSI BALLAINE & FORD P.C

Sophia Ree, Esq.
Rachel Hong, Esq.
*Attorneys for Defendant National Railroad Passenger Corp.*
120 Broadway 13th Floor
New York, New York 10271

3

4875-0613-7349v.1

LAW OFFICE OF ORIN J. COHEN

_____
Orin. J. Cohen, Esq.
*Attorneys for Plaintiff*
1162 Victory Boulevard
Staten Island, NY 10301
(718) 448-2889


SO ORDERED.

*Cathy Seibel*  1/11/22
_____  _____
CATHY SEIBEL, U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒X

AI VAN TRAN, as administrator of the Estate
of AN VAN TRAN, deceased,

                    Plaintiff,

  -against-

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

                    Defendant.
‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒X

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

21 Civ. 8050 (CS)

I, _____, acknowledge that I have read and understand the Protective Order in this action and agree to be bound by its terms. I agree that I will not disclose the material designated as Confidential Information to anyone other than for the purposes of this litigation, in accordance with the provisions of the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court, Southern District of New York for the purposes of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                           _____

4875-0613-7349v.1